IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THOMAS E. ANDREWS,<br><br>Plaintiff,<br>v.<br><br>MARY LOU SPERRY, et al.,<br><br>Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 2:20-cv-78 HCN DBP<br><br>District Judge Howard C. Nielson, Jr.<br><br>Chief Magistrate Judge Dustin B. Pead |

Pro se Plaintiff Thomas Andrews filed this suit against a number of Defendants alleging violations in the sale of property to which Plaintiff claims ownership. Plaintiff asserts breach of contract, breach of fiduciary duties, conversion, promissory estoppel, fraud and misrepresentation, conspiracy, unjust enrichment, a constructive trust, intentional interference with contractual relations, and RICO violations. (ECF No. 3.) Mr. Andrews initiated this suit in February 2020 and filed a First Amended Complaint on June 1, 2020. On June 22, 2020, the court entered an order granting Plaintiff an extension of time of 90 days from June 15, 2020, to effect service (ECF No. 16.) Plaintiff failed to effect timely service.

In the time since the court gave Plaintiff an extension of time to effect service the docket indicates little activity in this case. The matter was reassigned to Judge Howard Nielson and the prior order of reference to the undersigned was affirmed. (ECF No. 18.) On March 16, 2022, the court issued an Order to Show Cause directing Plaintiff to show cause by March 25, 2022, why the complaint should not be dismissed for failure to prosecute and effect timely service. (ECF No. 19.) To date, Plaintiff has not responded to the court's Order to Show Cause.

With respect to the time limit for service of a summons the Federal Rules of Civil Procedure provide:

> If a defendant is not served within 90 days after the complaint is filed, the court--
> on motion or on its own after notice to the plaintiff--must dismiss the action
> without prejudice against that defendant or order that service be made within a
> specified time. But if the plaintiff shows good cause for the failure, the court must
> extend the time for service for an appropriate period. This subdivision (m) does
> not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1), or to
> service of a notice under Rule 71.1(d)(3)(A).

Fed. R. Civ. P. 4.

In *Espinoza v. United States*, the Tenth Circuit considered the procedure for dismissing a complaint under Rule 4(m):

> [D]istrict courts should proceed under [Rule 4(m)] in the following manner: The
> preliminary inquiry to be made under Rule 4(m) is whether the plaintiff has
> shown good cause for the failure to timely effect service. In this regard, district
> courts should continue to follow the cases in this circuit that have guided that
> inquiry. If good cause is shown, the plaintiff is entitled to a mandatory extension
> of time. If the plaintiff fails to show good cause, the district court must still
> consider whether a permissive extension of time may be warranted. At that point
> the district court may in its discretion either dismiss the case without prejudice or
> extend the time for service.

52 F.3d 838, 841 (10th Cir.1995).

In this case, Plaintiff has failed to show good cause—or respond to the Order to Show Cause—for the failure to timely effect service. A permissive extension of time is not warranted because the court already granted Plaintiff additional time to effect service. And, since that order, there is no indication of interest by Plaintiff in moving this case toward resolution. The court warned Plaintiff that a failure to respond to the Order to Show Cause "will result in a recommendation of dismissal." Having received no response from Plaintiff, this case should be dismissed for a failure to prosecute.

## RECOMMENDATION

Based upon the foregoing, the undersigned recommends that this case be dismissed without prejudice under Fed. R. Civ. P. 4(m) for a failure to prosecute.

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within fourteen (14) days of being served with a copy, any party may serve and file written objections. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 29 March 2022.

_____
Dustin B. Pead
United States Magistrate Judge